Dear Sheriff Larpenter:
You have requested an opinion from the Attorney General regarding the legal propriety of a "Flower and Gift Fund" (Fund) maintained by the Terrebonne Parish Sheriff's Office. The fund, which has been maintained for approximately 30 years, consists of a $1.00 deduction from every sheriff officer's paycheck each month.
The funds derived from this payroll deduction are used solely for the payment of flowers or masses in connection with the death of deputies and/or close members of their families, as well as deputies who are hospitalized for health problems. The Fund benefits current employees and retirees. Proceeds from the fund are also used to purchase Christmas and birthday gifts for the Sheriff. You state that under your administration, employee participation in the Fund is purely voluntarily.
You specifically ask whether the maintenance of this Fund is permissible.
In prior opinions, we have recognized the authority of public entities to establish payroll deduction plans for various purposes. In Attorney General Opinion No. 92-308, we addressed the issue of whether a Council on Aging could collect voluntary contributions from its own employees through payroll deductions. The proceeds were deposited into an endowment fund and could be used at the discretion of the Council on Aging's director for agency-related projects. Therein, we concluded that the endowment fund consisted of voluntary donations of employees' incomes. We further observed that the procedure of payroll deductions for charitable entities is not unusual.
In Opinion No. 93-353, we concluded that the provisions of Act No. 768 of the 1992 Regular Session of the Louisiana Legislature were not unconstitutional. The legislation allows a state employee to authorize his employer to make a payroll deduction from his salary for the payment of professional dues to any local law enforcement or firefighter association. The act specifically provides that this authorization is completely voluntary.
In Opinion No. 98-381, we opined that a local school board could legally offer to its teachers and other employees the opportunity to withhold a sum of money, through monthly payroll deductions, to be paid to various organizations such as Boys and Girls Clubs.
Finally, in Opinion 91-421, we were asked whether the Bienville Parish Fire District, Wards 4 and 5, could establish a `flower and gift fund' for the purchase of flowers and gifts for deaths, birthdays, etc. Therein, we held that such a fund could be established so long as it was comprised of private donations and the proceeds in the fund were not commingled with public funds. We further opined that the donor should be made aware that the donation is going into the flower and gift fund to be used for the purchase of flowers and gifts for deaths and birthdays. This awareness should be evidenced by written permission executed by each employee/participant.
We believe that the same rules and principles set forth in the above opinions apply equally to the flower fund existing in your office. Accordingly, we are of the opinion that a flower fund can be established via payroll deduction if:
 (1) participation by employees is clearly voluntarily;
 (2) participating employees execute written permission for the deductions to be made;
 (3) participating employees are advised with respect to the specific purposes for which the funds are to be used;
 (4) proceeds of the fund are not commingled with public funds.
In addition, it is our recommendation that you review the current procedures used for the administration of the fund with your legal advisor to ensure that they do not constitute violations of R.S.14:135 and 136, relating to public salary deduction and public salary extortion, respectively.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj